ALICE M. BATCHELDER, Circuit Judge,
dissenting.
I respectfully dissent, as I disagree with the reasoning and the outcome of the majority opinion. I believe this case is foreclosed by Hughes Aircraft Co. v. Jacobson, *275 525 U.S. 432, 440-41, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) (holding that plan participants in a defined benefit pension plan have no claim to the plan’s surplus assets). This case involves a defined benefit plan. There is no dispute that the annuities were properly calculated and funded to ensure that the employees will receive all of the benefits promised under the plan. The $1.3 million is surplus; it did not evolve over time into an additional defined benefit or become part of the annuity payments.
The majority provides multiple theories for gifting this money to the employees. None of these theories, however, changes the basic, irrefutable fact that these employees are only entitled to the benefits defined under the plan, and correspondingly, secured by the annuities. There is no evidence in the record and we have no basis to assume that these employees will not receive from Prudential all of the benefits to which they are entitled. I would affirm the decision of the district court and hold that this money represents surplus assets of a defined benefit plan, which was paid into the trust by the employer and must be returned to the employer as trust settlor.